## UNION PACIFIC RAILWAY COMPANY, PLAINTIFF IN ERROR, V. JOHN BLUM, DEFENDANT IN ERROR.

**Railroads:** INJURIES TO STOCK: NEGLIGENCE: EVIDENCE. In an action against a railway company to recover damages for the loss of a cow killed by its engine, the defense was that the cow was killed on the public road, and without negligence on the part of the company. The engineer testified that the engine struck the cow on the crossing of a public road over the railway, and carried or threw her thirty or forty feet, but there were no marks on the ground indicating that the cow had been struck at that point. The distance from the road crossing to the cattle guard was forty-three feet, and from that point to a place where there were marks on the railway track tending to show that the cow had been struck was fifty-four feet, the cow being thrown from eight to twelve feet east and south of that point. *Held,* First, that the evidence failed to show that the cow was killed on the road crossing. Second, that a clear preponderance of the evidence showed the railway fence to be in a defective and im-perfect condition, and that the cow was killed within the right of way.

ERROR to the district court for Douglas county.    Tried below before HOPEWELL, J.

*A. J. Poppleton* and *J. S. Shropshire*, for plaintiff in error, cited :   Shearman & Redfield Neg., Sec. 485.   *Steves v. R. R. Co.*, 18 N. Y., 422.   1 Redfield on Railways, Sec. 133.

*David Van Etten* and *T. M. Whitmore*, for defendant in error, cited:   Field Corporations, 684.    *Bull v. Brockway*, 12 N. W. R., 685.

MAXWELL, J.

This case was commenced by the defendant in error against the plaintiff in error before a justice of the peace in Douglas county, and judgment rendered by the justice. The case was then appealed to the district court, and judgment rendered in favor of the plaintiff below.

The plaintiff below filed his petition in the district court, claiming $75 for the value of a cow alleged to have been killed by a train of the defendant on the 17th day of June, 1886 ; that the killing occurred by reason of the inadequacy of the fences and cattle guards at a point where the company was bound by law to keep its track fenced, not being within the limits of any town, city, or village ; that the killing occurred by reason of the negligence and carelessness of the defendant in operating said train ; that the cow was of the value of $75; that the plaintiff was injured and damaged thereby in the sum of $150 and interest from June 17th, 1886 ; that on or about the 17th day of June, 1886, the plaintiff served upon the defendant a written notice, with the plaintiff's affidavit thereto attached; that, the said defendant did not, within thirty days after the service of said notice and affidavit, pay or offer to pay the value of said cow, or any part thereof.

The defendant below, in its answer, admits its obligation to fence its road as alleged in the petition, claims that on the 17th day of June, at the point where it is alleged the cow was killed, the road of said defendant was properly and suitably fenced on both sides thereof, with proper and sufficient cattle guards and cross fences as required by law; that said cow was not killed on said defendant's track at any point where the defendant was by law obliged to erect and maintain fences, but that the same was killed at a road crossing at a point where the said company was not obliged to fence its track on either side; that said cow was not killed by any negligence or carelessness on the part of the defendant, its servants, agents, or employes, or for lack of a fence as required by law; that said cow was permitted by its said owner to run at large in the night time; that it was struck by an engine of the railway company in the night time, on the said railway crossing without any fault or carelessness on the part of the defendant, and alleges on the other hand that the killing of said cow was through the negligence of the plaintiff contributing thereto; denies that defendant was guilty of any negligence whatever in the killing of said cow; denies that said cow was of the value of $75, and denies that plaintiff was damaged in the sum of $150, or in any sum whatever, by reason of any negligence on the part of the defendant. The reply was a general denial.

On the trial of the cause the jury returned a verdict in favor of Blum for $75 and interest. A motion for a new trial was thereupon made by the railway company, which was overruled and judgment entered on the verdict.

The testimony tends to show that the cow in question was killed on the U. P. R. R. about two and one-half miles west of Millard. As to the killing there is no dispute, the contest on the part of the railway company being that the cow was on the railway at the crossing of a public road, and hence the company was not liable unless

guilty of negligence. The engineer in charge of the engine which killed the cow testified that he was running at the rate of twenty miles an hour, going east; that the cow was lying down in the wagon track at the crossing of the railway, and that the engine carried or threw her thirty or forty feet, she being thrown to the right or south side of the railway track. No marks are testified to, however, as having been found at the crossing of the highway and the railroad, tending to show that the cow had been struck by the locomotive at that point. On the part of Blum it is clearly shown that the distance from the point indicated by the engineer, where the cow was struck, to the cattle guard on the east, was forty-three feet. This is not denied. It is also proved that the carcass of the cow was found sixty feet or more south of the said cattle guard on the company's right of way, and south of the track from eight to twelve feet—the witnesses not agreeing as to the distance. It is also proved, and not denied, that at a point fifty-four feet east of said cattle guard there were marks on the railway track, indicating that the cow had been struck by the engine at that place, and the carcass was found east and south of that point, from eight to twelve feet. It is also proved that the right of way is fenced with wire, except at the road crossing, boards being used from the side fences to the cattle guards, such fence consisting of three six inch boards. It also appears that in one of the panels of said board fence the upper and lower boards were missing, leaving on the posts the middle board, which was from three feet to three and one-half feet from the ground. There is a feeble attempt on the part of the railway company to prove that the boards in question were nailed on to the posts on the day preceding the accident, but the overwhelming weight of testimony is that they had been missing for several days. Blum is the owner of the land on both sides of the railway track, and testifies that his cow was kept in a pasture adjoining the right of way, and

that he was unable to account for her escape from the pasture. The testimony also shows that, at the time of the accident, there was good grazing on the right of way away from the track, and there is reason to believe that the cow was tempted on to the right of way by reason of the grass growing thereon. It is very evident from the testimony that the cow was killed within the enclosure of the right of way, and not on the public road, and the jury would not have been warranted in finding otherwise than they have done. It is apparent that the engineer was mistaken in his testimony that the cow was killed on the public road. It is very clear that justice has been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.